# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan Humphrey Lefkow | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| CASE NUMBER | 03 C 6060 | DATE | 9/30/2004 |
| CASE TITLE | Blackhawk Molding Co., Inc. vs. Portola Packaging, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff Blackhawk Molding Co., Inc.'s motion to compel production of privileged documents [30-1] is granted in part.
(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| ✓ | Copy to judge/magistrate judge. |

courtroom deputy's initials: IS

number of notices

OCT 0 1 2004  date docketed

docketing deputy initials

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

Document Number: 46

Minute Order Form (06/97)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BLACKHAWK MOLDING CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 C 6060 |
| | ) | |
| v. | ) | Judge Joan Humphrey Lefkow |
| | ) | |
| PORTOLA PACKAGING, INC., | ) | Magistrate Judge |
| a Delaware corporation, | ) | Martin C. Ashman |
| | ) | |
| Defendant. | ) | |

DOCKETED
OCT 01 2004

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Plaintiff Blackhawk Molding Co., Inc. ("Blackhawk") moves this Court to compel Defendant Portola Packaging, Inc. ("Portola") to produce all documents relating to the subject matter of an October 28, 1999 Opinion Letter ("Opinion Letter") that Portola disclosed to Blackhawk during the discovery phase of this patent infringement suit. This matter comes before this Court pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1.

### II. Discussion

Blackhawk brings suit against Portola alleging infringement on its U.S. Patent No. 5,904,259 ("the '259 patent"). Blackhawk seeks to show that Portola willfully infringed Blackhawk's patent, i.e., Portola lacked a reasonable belief that its actions would avoid infringement. Portola raises an advice-of-counsel defense and claims that it acted in good faith reliance on counsel and never intentionally infringed the '259 patent. As part of its

advice-of-counsel defense, Portola disclosed to Blackhawk the Opinion Letter prepared by its counsel, which opines that Blackhawk's patent is invalid and fraudulently procured.

Principles of fairness support waiving attorney-client privilege and work product privilege where a party relies on an advice-of-counsel defense. *See Thermos Co. v. Starbucks Corp.*, No. 96 C 3833, 1998 WL 781120, at * 1 (N.D. Ill. Nov. 3, 1998). Principles of fairness also prevent a party from disclosing those opinions that support its position while simultaneously concealing those opinions that do not. *Id.* Thus, a party who relies on an advice-of-counsel defense waives attorney-client privilege with respect to the subject matter of the legal advice relied upon. *See In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1375 (Fed. Cir. 2001); *Motorola, Inc. v. Vosi Technologies, Inc.*, No. 01 C 4182, 2002 WL 1917256, at *1 (N.D. Ill. Aug. 19, 2002). Portola relies on an advice-of-counsel defense and disclosed the Opinion Letter in support of that defense, so Portola has waived its attorney-client privilege. All that is left to determine is the scope of Portola's waiver, i.e., the scope of the subject matter of the legal advice relied upon.

Blackhawk argues that the subject matter of Portola's Opinion Letter is the asserted patent, and not a particular legal issue or phase of the case. According to Blackhawk, the subject matter of the Opinion letter specifically includes: (1) the extent to which claims of the '259 patent are "used by Portola" (i.e., infringement); (2) the extent to which the claims of the '259 patent are "invalid because they are obvious" (i.e., validity); and (3) the extent to which statements made during prosecution of the '259 patent were "knowingly false" (i.e., enforceability). (Pl.'s Reply Def.'s Opp'n Pl.'s Mot. Compel at 7.) Blackhawk moves this Court to compel Portola to produce

all documents that relate to these issues, including but not limited to those documents listed on Portola's privilege log.

Portola rejects Blackhawk's argument and claims that the subject matter of the Opinion Letter includes invalidity and to some extent enforceability, but nothing more. Portola also argues that, because Portola's state of mind is the real issue, documents and/or claims construction that its counsel relied on but did not communicate to Portola are irrelevant to this case. Thus, Portola concludes that it has waived its attorney-client privilege only with regard to documents that: (1) concern opinions regarding invalidity and/or fraudulent procurement of the '259 patent, *and* which (2) contain information that was actually communicated to Portola, *and* were (3) generated before the commencement of this lawsuit. (Def.'s Opp'n Pl.'s Mot. Compel at 4.)

The Court finds the subject matter of Portola's Opinion Letter to be broader than invalidity and enforceability. The Opinion Letter does discuss invalidity and enforceability in great detail. That discussion includes; the obviousness of the patent's claims, (Op. Letter at 2, 7), prior uses of the patent's claims by Portola and Liqui-Box Corporation, (id. at 2), prior art, such as U.S. Patent Nos. 5,370,270 and 5,392,939 (id. at 7, 12), and alleged misrepresentations by Blackhawk during the application process. (Id. at 15.) In addition to opining on the invalidity and unenforceability of the '259 patent, the Opinion Letter also analyzes the claims of the '259 patent and compares them to Portola's product. In several instances, including Claims 4, 6 and 12, the Opinion Letter opines that Portola's product does not use the same techniques or methodologies described in the claim. (Id. at 1.) Blackhawk argues that when the Opinion Letter describes the methods utilized by a claim in detail and then opines that Portola's product does not

"use" that claim it is giving an opinion on infringement. The Court agrees. Additionally, the Court finds that comparing the '259 patent to Portola's product and analyzing prior art, namely the claims of U.S. Patent Nos. 5,370,270 and 5,392,939, requires claims construction of the '259 patent.

It would be unfair to limit the scope of Portola's waiver of attorney-client privilege to validity and enforceability alone. As an initial matter, the Court finds the subject matter of the Opinion Letter extends to infringement. Furthermore, though it purports to address validity and enforceability alone, the Opinion Letter clearly relies on claims construction of the '259 patent. In *Motorola*, a plaintiff seeking to rely on legal opinions concerning the "validity" of a patent asked the court to limit the scope of its waiver of attorney-client privilege by defining the subject matter of the opinions as "validity" alone. *Motorola, Inc.*, 2002 WL 1917256, at *1. The court refused to so limit the subject matter of the opinions and held that, "opinions that involve issues other than validity but that include a construction of the patent concern, to that extent, the same subject matter as opinions regarding validity." *Id.* at *2. Because it would be unfair to permit a selective disclosure of opinions bearing on the validity issue, the *Motorola* court ruled that, if the plaintiff "chooses to rely on its counsel's opinions regarding validity, it must disclose all pre-suit communications of counsel on subjects other than validity insofar as they include a construction of the same patent or patents that are the subject of any validity opinion." *Id.*

The content of the Opinion Letter and the holding in *Motorola*, persuade this Court to grant Blackhawk's motion (in part) and require Portola to produce all pre-suit communications of counsel insofar as they relate to the '259 patent. By relying on the Opinion Letter, Portola waived its attorney-client privilege with regard to all written and oral communications relating to

infringement, validity and enforceability of the '259 patent, including any relevant documents listed on the privilege log. This waiver extends to all relevant documents and communications whether or not they were conveyed to Portola and whether or not they support the positions outlined in the Opinion Letter. *See id.*; *Beneficial Franchise Co. v. Bank One, N.A.*, 205 F.R.D. 212, 218 (N.D. Ill. 2001) ("The practical reality is that if negative information was important enough to reduce to a memorandum, there is a reasonable possibility that the information was conveyed in some form or fashion to the client."). Accordingly, Portola must produce any and all documents and communications, including those listed on the privilege log, that relate to infringement, validity and enforceability of the '259 patent, up until the filing of this lawsuit.

Portola does not need to produce documents prepared or communications transmitted after the filing of this lawsuit. The willfulness of a party's conduct logically depends on the advice it received before the suit was filed. *Motorola, Inc.*, 2002 WL 1917256 at *2.

### III. Conclusion

Blackhawk's Motion to Compel is granted in part.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: September 30, 2004.

Copies have been mailed to:

| | |
|---|---|
| DAVID I. ROCHE, Esq.<br>DANIEL J. O'CONNOR, Esq.<br>Baker & McKenzie<br>130 East Randolph Drive<br>Chicago, IL 60601 | KEITH V. ROCKEY, Esq.<br>MATTHEW J. GRYZLO, Esq.<br>Wallenstein Wagner & Rockey, Ltd.<br>311 South Wacker Drive<br>53rd Floor<br>Chicago, IL 60606-6622 |
| | DAVID J. BREZNER, Esq.<br>THERESA K. HANKES, Esq.<br>Dorsey & Whittney, L.L.P.<br>Four Embarcadero Center<br>Suite 3400<br>San Francisco, CA 94111-4187 |
| Attorneys for Plaintiff | Attorneys for Defendant |